NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHIMA AKAGBUE NWALA,**

*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**

*Respondent*

---

2025-1857

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-24-0398-I-1.

---

Decided:  February 3, 2026

---

CHIMA AKAGBUE NWALA, Riverview, FL, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by REGINALD THOMAS BLADES, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before LOURIE, PROST, and TARANTO, *Circuit Judges.*

PER CURIAM.

Chima Akagbue Nwala petitions from a final decision of the Merit Systems Protection Board ("Board") denying his request for corrective action. *Nwala v. Dep't of the Air Force*, No. AT-3330-24-0398-I-1, 2025 MSPB LEXIS 1940, at *2 (Apr. 8, 2025) (adopting the initial decision, *Chima v. Dep't of the Air Force*, No. AT-3330-24-0398-I-1, 2024 MSPB LEXIS 3446 (June 10, 2024), as the Board's final decision). For the reasons below, we dismiss.

## BACKGROUND

Mr. Nwala worked as a program analyst for the Department of the Air Force ("agency") when he applied for the agency's supervisory financial management analyst position. The agency informed Mr. Nwala that it selected another applicant for the position. Mr. Nwala filed an appeal with the Board seeking corrective action. He alleged that the agency improperly utilized direct hiring authority ("DHA"), resulting in a decision not to select him in violation of his veteran's-preference rights under the Veterans Employment Opportunities Act ("VEOA").

The administrative judge ("AJ") denied Mr. Nwala's request for corrective action. The AJ noted that the agency "explicitly stated [DHA] as the hiring authority" and that VEOA does not apply to DHA appointments. *Chima*, 2024 MSPB LEXIS 3446, at *5–6. The AJ concluded that because veteran's preference did not apply to the position, Mr. Nwala cannot establish that the agency violated his rights under VEOA. *Id.* at *8. The Board denied Mr. Nwala's petition for review of the AJ's decision and adopted the decision as its final decision. *Nwala*, 2025 MSPB LEXIS 1940, at *2.

Mr. Nwala petitioned to this court. Our jurisdiction over appeals from Board decisions is governed by 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, the government asks that we dismiss Mr. Nwala's petition as untimely because it was filed more than sixty days after the Board issued its final decision. Resp't's Informal Br. 7–8. Mr. Nwala does not respond to this argument. *See* Informal Reply Br. (addressing only the merits).

We agree with the government that Mr. Nwala's petition is untimely. This court has jurisdiction to review "an appeal from a final order or final decision of the [Board], pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295(a)(9). Under § 7703(b)(1), "any petition for review shall be filed *within 60 days* after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A) (emphasis added). A petition for review is considered filed on the date it is received by the clerk of court. *Pinat v. OPM*, 931 F.2d 1544, 1546 (Fed. Cir. 1991); *see also* Fed. Cir. R. 25(c)(2).

The court received Mr. Nwala's petition on June 10, 2025, *see* ECF No. 1-2 at 1. That is more than sixty days after the Board issued its decision on April 8, 2025. Accordingly, Mr. Nwala's petition is untimely.

The government argues that § 7703(b)(1)(A) is not subject to equitable tolling. *See* Resp't's Informal Br. 7–8 (citing *Oja v. Dep't of the Army*, 405 F.3d 1349, 1357–60 (Fed. Cir. 2005)). The Supreme Court has explained that "§ 7703(b)(1)'s deadline is non-jurisdictional," and that "nonjurisdictional [timing rules] are presumptively subject to equitable tolling," *Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024) (alteration in original). Mr. Nwala has not addressed the untimeliness of his petition or supplied any basis for equitable tolling even if the statute permitted as much. Because the outcome of this case does not turn on the availability of equitable tolling in § 7703(b)(1) cases generally, we express no opinion on that question here.

4                                              NWALA v. AIR FORCE

CONCLUSION

For the foregoing reasons, we dismiss Mr. Nwala's petition as untimely.

**DISMISSED**

COSTS

No costs.